IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEMARCUS CREW, :
:
        Plaintiff. :
:
VS. :
: NO. 5:16-CV-201-MTT-CWH
Officer CORDERO WILLIS, *et al.*, :
:
        Defendants. :
_____:

## ORDER & RECOMMENDATION

Plaintiff DeMarcus Crew, an inmate at the Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 7). For the reasons stated herein, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. After conducting a preliminary review of Plaintiff's complaint, the undersigned also finds that Plaintiff's claims against Officer Cordero Willis shall be allowed to go forward. It is **RECOMMENDED**, however, that all other named Defendants shall be **DISMISSED WITHOUT PREJUDICE** from this action.

**I. Motion for Leave to Proceed In Forma Pauperis**

Plaintiff seeks leave to proceed without prepayment of the filing fee (ECF No. 7). Based on Plaintiff's financial information, the Court finds that Plaintiff is unable to prepay the fee. His motion is thus **GRANTED**. *See* 28 U.S.C. § 1915(b). Plaintiff is

nevertheless required to pay the full $350.00 filing fee, as is discussed below. The Clerk is directed to send a copy of this Order to the Business Manager at Plaintiff's place of incarceration, so that said Manager can start withdrawing funds from Plaintiff's account towards payment of the filing fee.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations

omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

### III. Plaintiff's Complaint

#### A. Background

The present case arises out of an alleged use of excessive force at GD&CP. Plaintiff alleges that on March 16, 2016, Defendant Officer Cordero Willis injured Plaintiff by purposefully tightening the handcuff on Plaintiff's right wrist and then twisting Plaintiff's right wrist and arm through the tray flap of his cell door. Plaintiff (who is right-handed) complains that as a result of this incident, his right wrist was swollen and he was unable to use his right hand to "write, eat or wipe himself" for two and a half weeks.

In addition to Officer Willis, Plaintiff sues the following GD&CP personnel: Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, and Officer Williams. Plaintiff fails, however, to allege any specific actions (or inactions) taken by these individuals against him.

#### B. Discussion

##### 1. Dismissed Defendants

It is unclear why Plaintiff is suing Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, and Officer Williams. As noted above, Plaintiff has not made any actual allegations against these individuals. They are not even mentioned in Plaintiff's Statement of Claim. He merely shows these Defendants in the caption of his

complaint and in the list of named Defendants. Plaintiff therefore has not stated a claim against Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, and Officer Williams. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Moreover, the fact that some of these Defendants may supervise Officer Willis cannot support a claim under section 1983. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation marks omitted) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."). It is thus **RECOMMENDED** that Plaintiff's claims against Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, and Officer Williams be **DISMISSED WITHOUT PREJUDICE**.[1]

### 2. Remaining Defendant – Officer Cordero Willis

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain ..., the infliction of pain totally without penological justification ..., [and] the infliction of

---

[1] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

punishment grossly disproportionate to the severity of the offense." *Ort v. White*, 813 F.2d 318, 321 (11th Cir.1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Plaintiff's allegations, when liberally construed in his favor, are sufficient to allow Plaintiff to go forward with his Eighth Amendment claim against Defendant Officer Cordero Willis.

## IV. Summary

For the reasons stated herein, it is now **ORDERED** that service be made on Defendant Officer Cordero Willis and that he file an answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). It is also **RECOMMENDED** that Plaintiff's claims against Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, and Officer Williams be **DISMISSED WITHOUT PREJUDICE** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the

District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## **DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and

that all motions have been disposed of or the time for filing dispositive motions has passed.

## **FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY**

## **AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any

time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed

9

TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly

payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED and RECOMMENDED**, this 17th day of November, 2016.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge