N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEMARCUS CREW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-201 (MTT) |
| | ) |
| Officer **CORDERO WILLIS**, *et. al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation (Doc. 8) as to Plaintiff Demarcus Crew's claims against Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, Officer Cordero Willis, Officer Williams, and Officer Mays. The Magistrate Judge recommends Crew's claim against Officer Willis be allowed to procced but that Crew's claims against all other Defendants be **DISMISSED**. Doc. 8 at 1. Neither party has objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court.

Under 28 U.S.C. § 1915A(b), a prisoner complaint should be dismissed if it is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." To state a

claim for relief, a plaintiff must state sufficient facts that associate the defendants with the alleged wrong. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("[W]e must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Plaintiff has not stated sufficient facts to associate Defendants Warden Bruce Chatman, Deputy Wardens June Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, Officer Williams, and Officer Mays with the alleged wrong.[1]  *See* Doc. 1.  Plaintiff names these Defendants in the caption of his complaint and when prompted to list each defendant.  Doc. 1 at 1, 4. Beyond that, Plaintiff does not allege misconduct by any defendant or tie his harm to the actions of any defendant other than Defendant Willis.[2]  *See* Docs. 1 at 5; 5.  Plaintiff's allegation that some of the defendants supervised Defendant Willis cannot support a claim under § 1983.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of *respondeat superior* or vicarious liability.'").

Accordingly, the Court **ADOPTS** the Recommendation of the Magistrate Judge. Plaintiff's claim against Defendant Officer Cordero Willis is allowed to proceed. Plaintiff's claims against Defendants Warden Bruce Chatman, Deputy Wardens June

---

[1] In listing the Defendants to be dismissed, the Recommendation failed to name Officer Mays.  *See* Doc. 1.  However, it is clear to the Court from the reasoning of the Recommendation, and based on the Court's own review, that the claim against Officer Mays should be dismissed as well.

[2] In addition to the physical harm alleged, Plaintiff alleges he is harmed by the inadequacy of the law library but does not connect this harm to any defendant.  Doc. 5.

Bishop and William Powell, Captain Dewayne Williams, Lieutenant Andrew Russo, Sergeant Pervis, Officer Williams, and Officer Mays are **DISMISSED WITHOUT PREJUDICE**.

      **SO ORDERED,** this 13th day of January, 2017.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL
                                      UNITED STATES DISTRICT COURT